UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-224-MOC-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TIMOTHY MASSEY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se "Motion to Complete Sentence on House Arrest or Home Confinement," (Doc. No. 44), on defendant's pro se "Motion for Reconsideration," (Doc. No. 45), and on defendant's pro se "Motion for Home Confinement," (Doc. No. 46).

In 2014, Defendant pled guilty in this Court to possession of a firearm by a convicted felon and possession with intent to distribute marijuana. The Court sentenced defendant to 120 months of imprisonment on August 13, 2014, entering judgment on October 29, 2014. The Court's judgment further stated that defendant's sentence would run "consecutive to defendant's sentence for the TSR violation in his prior federal case, for a combined total imprisonment term of 144 months." (#24). Defendant appealed, but his appeal was dismissed. Defendant filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 in 2016, and the motion to vacate was denied and dismissed in 2017. Defendant has now filed the pending pro se motions, in which he appears to challenge his criminal history category and he also seeks early release from prison. For the following reasons, the Court denies all three motions.

1

In his first pending motion, defendant asserts that he is scheduled to be released from imprisonment within one year and he asks for this Court to allow him to complete the rest of his sentence on house arrest or home confinement.[1]  In support, he claims that he saved the life of an officer in 2014.  Defendant also asserts that in May 2019 his stepson was shot and killed and his oldest son was shot.  Defendant also contends that his youngest son is in DSS custody.  Defendant's motion is denied, as defendant has not presented sufficient grounds to reduce his sentence.  Furthermore, to the extent that defendant seeks early release under certain provisions of the First Step Act of 2018, he has not provided the Court with sufficient grounds for early release.

In his second pending motion, styled as a "motion for reconsideration," defendant argues that he no longer qualifies as a career offender and that his criminal history category should be a four rather than a six.  This motion is denied, as defendant challenged his career offender status in his prior motion to vacate, and the motion was denied and dismissed.

In his third pending motion, styled as a "motion for home confinement," defendant seeks an early release due to the COVID-19 pandemic, arguing that the prison where he is incarcerated is not equipped to protect prisoners from the pandemic.  To the extent that defendant is challenging the conditions of his confinement, he must file a habeas petition under 28 U.S.C. § 2241 in his district of confinement.  Basank v. Decker, No. 20 CIV. 2518 (AT), 2020 WL 1481503, at *4 (S.D.N.Y. Mar. 26, 2020) (where immigration detainees challenged their detention due to COVID-19, stating that an "application for habeas corpus under 28 U.S.C. §

---

[1] Defendant's statement that he is scheduled to be released from imprisonment within one year appears to be incorrect.  The Bureau of Prisons website indicates that defendant's release date is May 5, 2023.

2241 is the appropriate vehicle for an inmate in federal custody to challenge conditions or actions that pose a threat to his medical wellbeing"). Thus, this motion is also denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se "Motion to Complete Sentence on House Arrest or Home Confinement," (Doc. No. 44), on defendant's pro se "Motion for Reconsideration," (Doc. No. 45), and on defendant's pro se "Motion for Home Confinement," (Doc. No. 46), are all **DENIED.**

Signed: April 13, 2020

Max O. Cogburn Jr
United States District Judge