# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cr-224-MOC-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| vs. | )<br>) **ORDER** |
| **TIMOTHY MASSEY,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 53). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A). The Government has responded in opposition to the motion, and Defendant has filed a Reply.

## I. BACKGROUND

In May of 2012, police officers stopped Defendant's car in Charlotte, North Carolina, because the car did not have a rearview mirror. (WDNC Case No. 3:13CR224, Doc. 22 at ¶ 5). After smelling marijuana, police searched Defendant's car and found 174 grams of marijuana and a loaded nine-millimeter pistol. (Id. at ¶¶ 6–9). Defendant admitted that he knew the marijuana and pistol were inside the car. (Id., at ¶ 8). When Defendant committed these offenses, he was on supervised release following two federal convictions for Hobbs Act robbery—one obtained in this Court, WDNC Case No. 3:03CR29, and one obtained in the United States District Court for the Middle District of North Carolina, MDNC Case No. 1:01CR146.

A federal grand jury indicted Defendant and charged him with possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); possessing with intent to distribute marijuana, 18 U.S.C.

-1-

§ 841(a)(1); and possessing a firearm in furtherance of drug-trafficking offense, 18 U.S.C. § 924(c)(1). (Id., Doc. No. 1). The probation office also sought the revocation of Defendant's supervised release in both of his earlier federal prosecutions. (WDNC Case No. 3:03CR29, Doc. No. 72; WDNC Case No. 3:11CR124).

Defendant entered into a plea agreement with the United States and pleaded guilty to the felon-in-possession and drug-trafficking offenses. (Id., Doc. No. 9 at 1). In exchange, the Government agreed to dismiss the Section 924(c) firearm charge against Defendant. (Id.). Defendant agreed that he was a career offender for purposes of his drug-trafficking offense, and the parties agreed to recommend a sentence at the high end of the range advised by the Sentencing guidelines. (Id. at 3). Defendant also agreed to admit the charged violations of his supervised release and to recommend a sentence of 37 months in prison for those violations, to run consecutively to his sentence in the felon-in-possession and drug-trafficking case. (Id.).

This Court's probation office submitted a presentence report and determined that Defendant was a career offender based on his two prior convictions for Hobbs Act robbery. (Id., Doc. No. 22 at ¶¶ 32, 41–42). Because the offense level generated based on the offense characteristics was higher than the career-offender offense level, the probation office calculated a total offense level of 25, unrelated to Defendant's status as a career offender. (Id. at ¶ 32). Defendant's classification as a career offender, however, increased his criminal-history category from IV to VI. (Id. at ¶ 46).

Based on a total offense level of 25 and a criminal-history category of VI, the Sentencing Guidelines advised a sentence of between 110 and 137 months in prison. (Id. at ¶ 72). Defendant faced a statutory maximum sentence of 120 months for his felon-in-possession

offense and a maximum of 60 months in prison for his drug-trafficking offense. (Id., at ¶ 71). This Court sentenced Defendant to 120 months for the felon-in-possession offense, to a concurrent term of 17 months for the drug-trafficking offense, and to a consecutive term of 24 months in prison for the violations of the conditions of his supervised release in the related cases, for an aggregate sentence of 144 months in prison. (Id., Doc. No. 24 at 2).

Defendant is credited with having served 118 months in the Bureau of Prisons. (Ex. 1). Defendant has received three disciplinary citations while in prison, including a 2015 citation for assaulting without serious injury. (Id.). Defendant has completed 24 educational programs or work assignments. (Id.). In June of 2021, Defendant submitted a request for compassionate release with the warden of his Bureau of Prisons institution. (Gov't Ex. 2 at 2). The warden denied Defendant's request. (Id. at 1). Defendant now asks this Court to grant him compassionate release because if he were sentenced today, he would receive a shorter sentence. (Id., Doc. No. 53 at 7).

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing

-3-

motions for reduction of sentences under § 3582(c)(1)(A).[1] As relevant here, the non-binding policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 281–83. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C).

Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that

-5-

Case 3:13-cr-00224-MOC    Document 61    Filed 09/16/21    Page 5 of 8

condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Defendant's request for a sentence reduction will be denied because he has failed to show extraordinary and compelling circumstances warranting early release from prison. Defendant has not alleged that he satisfies any of the criteria for compassionate release authorized in section 1B1.13, nor has he alleged any disparity between the sentence he received and the sentence "provided for under the First Step Act." McCoy, 981 F.3d at 286. Instead, he asks this Court to exercise its discretion to grant him compassionate release because if sentenced today, he would not be classified as a career offender and would receive a lower sentence. (WDNC Case No. 3:13CR224, Doc. No. 53 at 4–7). In particular, Defendant suggests that his offense level was improperly increased by four offense levels because he committed his felon-in possession offense after receiving convictions for two crimes of violence. See U.S.S.G. § 2K2.1(a)(2). Defendant also asserts that, without the career-offender enhancement, his criminal history category would have been IV, instead of VI.

Defendant is correct that under the Fourth Circuit's decision in United States v. Green, Hobbs Act robbery is not a "crime of violence" for purposes of the career-offender guideline. 996 F.3d 176, 177 (4th Cir. 2021). As Defendant concedes, however, he also had a prior conviction for carjacking, which offense was originally mischaracterized by the probation office as a Hobbs Act offense. See (WDNC Case No. 3:13CR224, Doc. No. 53 at 4, 9). Under Sentencing Guidelines § 2K2.1(a)(3), if sentenced today, Defendant's base offense level would be a level 22, and his total offense level would be a level 23 because he possessed a firearm as a convicted felon following his conviction of one crime of violence, not two crimes of violence.

Additionally, because Hobbs Act robbery is not a crime of violence, Defendant would not be classified as a career offender, and his criminal-history category would be reduced from a category VI to a category IV. These changes would result in an advisory Guidelines range for the felon-in-possession and drug-trafficking offenses of between 70 and 87 months in prison, instead of between 110 and 137 months in prison.

Even though Defendant would be subject to a lower advisory guideline range if sentenced today, this Court will decline to grant his request for compassionate release because he has not shown an extraordinary and compelling reason justifying his compassionate release and the sentencing considerations described in 18 U.S.C. § 3553(a) counsel against any sentence reduction. First, Defendant committed his drug-trafficking and firearm offenses while he was on supervised release based on two federal judgments. Defendant has a history of committed dangerous criminal offenses, and while he has completed some educational and work programs while in the Bureau of Prisons, he has also committed three disciplinary infractions, including an assault. Defendant has not demonstrated that he is able to comply with Bureau of Prisons rules prohibiting violence and misconduct, let alone laws prohibiting violence and drug trafficking.

Second, the difference between the sentencing range this Court considered when sentencing Defendant and the sentencing range the Guidelines would advise today is not so drastic that the extraordinary remedy of compassionate release is warranted. Defendant benefited from a plea agreement that both parties understood would result in a sentence at or above the sentence Defendant received. In reliance on that bargain, the Government dismissed a Section 924(c) firearm charge that would have required a consecutive five-year sentence. Based on Defendant's history and characteristics and the need to protect the public from further crimes, the

need to provide just punishment, and the need to deter Defendant and others from engaging in similar criminal activity, his sentence of 144 months is sufficient but not greater than necessary to accomplish the section 3553(a) sentencing objectives.

In sum, for all these reasons, the Court denies Defendant's motion. This Court notes that, in light of <u>United States v. McCoy</u>, the Court has made its own independent determination as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). Defendant has simply not presented "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 53), is **DENIED**.

Signed: September 16, 2021

Max O. Cogburn Jr.
United States District Judge

-8-

Case 3:13-cr-00224-MOC   Document 61   Filed 09/16/21   Page 8 of 8